UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RONNIE BEE CISLO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:18-cv-02979-JPH-DML ) |
| DUSHAN ZATECKY, et al. | ) ) |
| Defendants. | ) |

**Order Granting Amended Motion for Partial Summary Judgment**

Plaintiff Ronnie Cislo[1] brought this civil rights action under 42 U.S.C. § 1983 alleging that defendants Warden Dushan Zatecky and Correctional Officer Michael Vandine violated his constitutional rights. Specifically, Mr. Cislo alleges that Officer Vandine used excessive force against him; denied him access to the courts; and retaliated against him. *See* dkt. 5. Warden Zatecky has filed a motion for summary judgment on the retaliation claim. Dkt. 65. Defendant Vandine did not file any dispositive motions.

**I. Summary Judgment Standard**

A motion for summary judgment asks the Court to find that the movant is entitled to judgment as a matter of law because there is no genuine dispute as to any material fact. *See* Fed. R. Civ. P. 56(a). A party must support any asserted disputed or undisputed fact by citing to specific portions of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party may also support a fact by showing that the materials cited by an adverse party do not

---

[1] It's not clear where Mr. Cislo is currently a prisoner. Although the docket reflects that Mr. Cislo is currently incarcerated at the LaPorte County Jail, a search of the Offender Data database on the Indiana Department of Correction website indicates that Mr. Cislo is currently incarcerated at the Reception Diagnostic Center. *See* Offender Data, Indiana Department of Correction, *available at* www.in.gov/apps/indcorrection/ofs/ofs (last visited Dec. 9, 2020).

1

establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the only disputed facts that matter are material ones—those that might affect the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941-42 (7th Cir. 2016). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page*, 906 F.3d 606, 609−10 (7th Cir. 2018). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the factfinder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the cited materials and need not "scour the record" for evidence that is potentially relevant to the summary judgment motion. *Grant v. Trustees of Indiana University*, 870 F.3d 562, 573−74 (7th Cir. 2017) (quotation marks omitted); *see also* Fed. R. Civ. P. 56(c)(3).

## II. Statement of Facts

The following statement of facts has been evaluated pursuant to the standard set forth above. Mr. Cislo arrived at Pendleton Correctional Facility ("PCF") in May or June of 2018. Dkt. 65-3 (hereinafter "Cislo Dep.") at 8:1-2. Warden Zatecky is the warden at PCF, and Officer Vandine is a correctional officer at PCF. Dkt. 65-1 at 2.

On September 10, 2018, Judge Thomas Alevizos issued an order directing that Mr. Cislo be transported to LaPorte Circuit Court for a hearing on September 13, 2018. Dkt. 65-2. The transport order was sent to PCF, the Office of the Indiana Attorney General, and Mr. Cislo. *Id.*

On September 13, 2018, a correctional officer transported Mr. Cislo to a holding cell to prepare him for transport to LaPorte Circuit Court. Cislo Dep. at 17:3-6, 18:12-17. Officer Vandine prepared Mr. Cislo for transport. *Id.* at 18:18-21. Officer Vandine and other correctional officers commented that Mr. Cislo filed lawsuits against Warden Zatecky, and they called Mr. Cislo names. *Id.* at 20:3-13; *see also* dkt. 65-1 at 3-4. Officer Zandine and the other correctional officers treated Mr. Cislo roughly and aggressively. Cislo Dep. 21:13-23:6.

Officer Zandine and another correctional officer then took Mr. Cislo to where the transport vehicles were located. *Id.* at 23:7-11. They continued to treat Mr. Cislo aggressively. *Id.* at 23:21-24:22. Additional correctional officers were near the transport vehicles, and they all commented that Mr. Cislo was the individual Warden Zatecky said filed a lot of lawsuits. *Id.* at 24:22-25:1, 25:17-22. These officers then roughly placed Mr. Cislo in the transport van. *Id.* at 29:21-30:13. Mr. Cislo sat in the transport van for 15 to 20 minutes, but it did not move. *Id.* at 31-2-9.

Before removing him from the transport van, Officer Vandine covered Mr. Cislo's face with a shirt. *Id.* at 31:1-21. Officer Vandine then informed Mr. Cislo that court was canceled. *Id.* at 31:24-32:5. Officer Vandine and the other correctional officers then carried Mr. Cislo back to his cell in a "hogtie position." *Id.* at 32:22-33:2; *see also* dkt. 65-1 at 4.

Approximately 30 minutes after Mr. Cislo returned to his cell, his counselor visited and asked why Mr. Cislo refused to go to LaPorte Circuit Court. Cislo Dep. at 36:1-8. Mr. Cislo explained that he had not refused to go, and his counselor immediately notified prison officials about the incident. *Id.* at 36:8-15. Mr. Cislo's counselor learned that "administrative . . . made the

3

call not to transport" Mr. Cislo, and Mr. Cislo believes that "administrative" is Warden Zatecky. *Id.* at 41:10-17; 46:19-23.

During the incident on September 13, 2018, Mr. Cislo did not see Warden Zatecky, and he had not spoken to Warden Zatecky before the incident. *Id.* at 38:12-17. Warden Zatecky has designated evidence that his office does not receive transport orders and that he never spoke with Officer Vandine about Mr. Cislo or ordered Officer Vandine to prepare Mr. Cislo for transport. Dkt. 65-4. Finally, Warden Zatecky states that he has not referred to Mr. Cislo as a "jailhouse lawyer" or told PCF staff that Mr. Cislo files lots of lawsuits and grievances against PCF staff. *Id.*

### III. Discussion

Warden Zatecky asserts that he is entitled to judgment as a matter of law on Mr. Cislo's First Amendment retaliation claim because he had no personal knowledge of or involvement in the events of September 13, 2018 described in Mr. Cislo's complaint. Dkt. 66 at 6. Alternatively, Warden Zatecky contends that there is no evidence that he retaliated against Mr. Cislo. *Id.* at 7.

Warden Zatecky may not be held liable unless he "had some personal involvement in the alleged constitutional deprivation." *Williams v. Shah*, 927 F.3d 476, 482 (7th Cir. 2019); *see also Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (concluding plaintiff could not satisfy personal responsibility component of § 1983 because he could not "identify which of the ten searching officers had caused the alleged property damage because he was not allowed in the rooms while the officers conducted their search"). "Prison officials may satisfy the personal responsibility requirement of section 1983 if the conduct causing the constitutional deprivation occurs at the official's direction or with his or her knowledge and consent." *Id.* (finding that warden and director of food services could not be held liable under § 1983 because they "did not know

4

that the inmates were being deprived of adequate nutrition and were not personally involved in delivering the purportedly deficient meals").

Warden Zatecky is entitled to judgment as a matter of law. The designated evidence shows that he was not personally involved in the alleged retaliatory action and Mr. Cislo has not designated evidence that Warden Zatecky participated in or directed the events of September 13, 2018 or knew of any retaliatory action that was going to be taken against Mr. Cislo. Accepting as true Mr. Cislo's allegations that Warden Zatecky informed Officer Vandine and other correctional officers that Mr. Cislo had filed multiple lawsuits and grievances against PCF staff, *see* dkt. 65-1 at 3-4, and that Warden Zatecky received the transport order from Judge Alevizos, *see* Cislo Dep. at 40:13-22, does not create a disputed issue of material fact. Mr. Cislo has not designated evidence showing that Warden Zatecky told these same individuals to refuse to transport Mr. Cislo to LaPorte Circuit Court in retaliation for Mr. Cislo filing lawsuits and grievances.

Similarly, taking Mr. Cislo's assertion that Warden Zatecky was the PCF administrator that told Judge Alevizos that Mr. Cislo refused the transport as true, *see* Cislo Dep. 41 at 10-17, Mr. Cislo has not designated any evidence that Warden Zatecky knew that Mr. Cislo did not actually refuse the transport or that Warden Zatecky made these purportedly false statements to cover up any retaliatory acts he allegedly committed or ordered. Any assertion that Warden Zatecky retaliated against Mr. Cislo by making untrue statements is speculative without evidence that Warden Zatecky knew that Mr. Cislo did not refuse the transport.

Mr. Cislo has failed to designate evidence to support his claim that Warden Zatecky engaged in retaliation because Mr. Cislo filed lawsuits and grievances. Although Mr. Cislo claims that certain facts are unavailable to him, *see* dkt. 74 at 2, he does not explain why these facts are unavailable to him. Mr. Cislo had an opportunity to engage in discovery, *see* dkt. 16 (order setting

pretrial schedule and discussing discovery in prisoner litigation), and he has not identified any discovery disputes or outstanding discovery requests.

Because Mr. Cislo has not shown that Warden Zatecky was personally involved in the alleged retaliation, Warden Zatecky is entitled to judgment as a matter of law. His amended motion for partial summary judgment is **granted**.

### IV. Conclusion

Warden Zatecky's amended motion for partial summary judgment, dkt. [65], is **granted**. Mr. Cislo's First Amendment retaliation claim against Warden Zatecky is **dismissed with prejudice**. However, no partial judgment shall issue at this time as Mr. Cislo's claims against Officer Vandine remain pending.

Officer Vandine did not file a dispositive motion, and the time for doing so has passed. *See* dkt. 59. Therefore, the claims against him will be resolved via settlement or trial. Because it is the Court's preference that Mr. Cislo be represented by counsel for settlement and/or trial, the Court *sua sponte* reconsiders the denial of Mr. Cislo's motion to appoint counsel. That motion, dkt. [35], is **granted** to the extent the Court will attempt to recruit pro bono counsel to represent Mr. Cislo in this action.

The **clerk is directed** to terminate Warden Zatecky as a defendant on the docket.

As of December 9, 2020, the Indiana Department of Correction website indicates that Mr. Cislo is incarcerated at the Reception Diagnostic Center. The **clerk is directed** to update the docket to reflect Mr. Cislo's address consistent with the Distribution of this Order.

**SO ORDERED.**

Date: 1/22/2021

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

RONNIE BEE CISLO, #149961
Reception Diagnostic Center
737 Moon Road
Plainfield, IN 46168

J. Derek Atwood
INDIANA ATTORNEY GENERAL
derek.atwood@atg.in.gov

Jordan Michael Stover
INDIANA ATTORNEY GENERAL
jordan.stover@atg.in.gov